IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

ANTONIO ROBINSON,

    Plaintiff

VS.

    NO.: 5:06-cv-191(DF)

Mrs. THORPE; Warden BENTON;
Sgt. GREEN; Lt. PHELT,

    **ORDER**

    Defendants

Filed at 830 a M
DATE 6/12/06
DEPUTY CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

Plaintiff **ANTONIO ROBINSON**, an inmate at Central State Prison in Macon, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

### I. REQUEST TO PROCEED IN FORMA PAUPERIS

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). As it appears plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed

without paying an initial partial filing fee.

Hereafter, plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The agency having custody of plaintiff shall forward said payments from plaintiff's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C.§1915(b)(2). The clerk of court is directed to send a copy of this Order to the business manager and the warden of the institution where plaintiff is confined.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Scheuer v. Rhodes*, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. See *Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## III. STATEMENT OF PLAINTIFF'S CLAIMS

Apparently plaintiff tried to send some "legal mail" to the Bibb County Superior Court and, on July 15, 2005, this mail was returned from the post office to Cental State Prison due to insufficient postage. Plaintiff states that Mrs. Thorpe opened this "legal mail" outside of his

presence. Plaintiff alleges that Warden Benton "is responsible for allowing this kind of mistreatment to happen."

In response to his grievance regarding this matter, prison officials acknowledged that the letter was returned to Central State Prison from the post office in need of additional postage and that the letter was, and should not have been, opened.

### IV. ANALYSIS OF PLAINTIFF'S CLAIMS

Although plaintiff shows Sergeant Green and Lieutenant Phelt in his list of defendants, he has in no way linked these defendants to his alleged constitutional deprivation. In fact, plaintiff makes no allegations whatsoever against these two defendants. Therefore, Sergeant Green and Lieutenant Phelt should be dismissed from this action.

In relation to Warden Benton, it is well-settled that a plaintiff cannot prevail under 42 U.S.C. § 1983 based on a theory of respondeat superior or supervisory liability. *Rogers v. Evans*, 792 F.2d 1052 (11th Cir. 1986); *H.C. by Hewett v. Jarrard*, 786 F.2d 1080 (11th Cir. 1986). Instead the plaintiff must show that the supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation. *H.C. by Hewett*, 786 F.2d at 1086-87. "The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. The deprivations that constitute widespread abuse sufficient to notify supervising officials must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990).

Plaintiff does not allege that Warden Benton was personally involved in his alleged constitutional deprivation. Moreover, plaintiff's assertions do not establish the causal connection necessary to hold Warden Benton responsible for plaintiff's alleged constitutional deprivation. Therefore, Warden Benton should be dismissed from this action.

In relation to Mrs. Thorpe, plaintiff has complained only of this one instance in which she opened a document addressed to a court after it was returned from the post office due to insufficient

postage. To the extent that plaintiff is attempting to set forth a First Amendment censorship claim, court have held that the "negligent and inadvertent" interference with an inmate's legal mail, involving nothing more than a few instances of an inmate's mail being opened when he is not present, does not state a constitutional claim under § 1983. ***Hines v. Boothe***, 841 F.2d 623, 624 (5th Cir. 1988); ***Winston v. Campbell***, 868 F. Supp. 1242, 1243 (D. Kan. 1994); ***Bryant v. Winston***, 750 F. Supp. 733, 734 (E. D. Va. 1990). Morever, to the extent that plaintiff seek to set forth a claim regarding his access to courts, he has not shown actual injury. ***Bass v. Perrin***, 170 F.3d 1312, 1320, n.13 (11th Cir. 1999).

For the reasons discussed above, plaintiff's 42 U.S.C. § 1983 action must be **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A.

**SO ORDERED**, this \_\_\_9\_\_\_ day of June, 2006.

_____
DUROSS FITZPATRICK
UNITED STATES DISTRICT JUDGE

lnb