```
                                                           FILED
                                                   U.S. DISTRICT COURT
                                                   MIDDLE GEORGIA
         IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF GEORGIA        2006 JUL 20  AM 8:45
                     MACON DIVISION
                                                        [signature] McCane
                                                         DEPUTY CLERK
ANTONIO ROBINSON,                  :
                                   :
      Plaintiff                    :
                                   :
VS.                                :
                                   :     NO.: 5:06-CV-191(DF)
Mrs. THORPE; Warden BENTON;        :
Sgt. GREEN; Lt. PHELT,             :
                                   :     ORDER
      Defendants                   :
```

In an Order dated June 9, 2006, the Court dismissed plaintiff's 42 U.S.C. § 1983 action. Plaintiff then filed two motions: One entitled "Civil Right Action 42 U.S.C. § 1983 Preliminary Injunction or TRO" (R. at 5) and the other entitled "Notice of Certificate of Appealability."[1] (R. at 6).

In his original complaint, plaintiff alleged that some "legal mail" he sent to the Bibb County Superior Court was opened by defendant Thorpe. Plaintiff alleged that Warden Benton was responsible for allowing "this kind of mistreatment to happen." Plaintiff made no allegations against defendants Green and Phelt.

After reviewing the complaint, the Court dismissed defendants Green and Phelt because plaintiff failed to allege how either of these two individuals violated his constitutional rights. Moreover, the Court dismissed Warden Benton because plaintiff had failed to show that he personally participated in the alleged constitutional violation or that there was a causal connection between the warden's actions and the alleged constitutional violation. *See H.C. by Hewett v. Jarrard*, 786 F.2d 1080 911th Cir. 1986). Finally, in relation to Mrs. Thorpe, the Court explained

---

[1] Plaintiff's motion for Certificate of Appealability is **DENIED** because this is not an action in which a Certificate of Appealability is required.

that one instance of interference with legal mail is not sufficient to set forth a viable First Amendment censorship claim under 42 U.S.C. § 1983. The Court, therefore, dismissed plaintiff's entire action as frivolous pursuant to 28 U.S.C. § 1915A.

However, in his "Civil Right Action 42 U.S.C. § 1983 Preliminary Injunction or TRO," plaintiff has included an allegation regarding denial of access to courts and factual detail regarding this claim that was not presented in his original complaint. Specifically, plaintiff alleges that the "legal mail" that he was attempting to send to the Bibb County Superior Court dealt with his pending habeas corpus action. Moreover, plaintiff states that the unnecessary detention of his mail at the jail (presumably by Mrs. Thorpe) caused him to be denied access to the courts.

Based on this new allegation and factual information, the Court finds that plaintiff has arguably stated a claim of denial of access to the courts against defendant Thorpe. Therefore, the Court will treat plaintiff's "Civil Right Action 42 U.S.C. § 1983 Preliminary Injunction or TRO" as a motion for reconsideration pursuant to M.D. Ga. R. 7. 6 and hereby **GRANTS** such motion.

The Court now **VACATES** its Order of June 9, 2006 and the judgment filed June 12, 2006, and **REOPENS** this action. Plaintiff's interference with mail claim against all defendants remains **DISMISSED**. Moreover, all defendants except Mrs. Thorpe remain **DISMISSED**. Plaintiff's access to courts' claim against Mrs. Thorpe is **ALLOWED TO PROCEED**.[2]

Accordingly, it is hereby **ORDERED** that service be made as provided by law upon defendant **Mrs. Thorpe** and he file a Waiver of Reply, an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the *Prison Litigation Reform Act*.

---

[2] To the extent that plaintiff is seeking a temporary restraining order or preliminary injunction, his request must be **DENIED** at this time. Injunctive relief will not issue unless the complained of conduct is imminent and no other relief or compensation is available. *Cunningham v. Adams*, 808 F.2d 815, 821 (11th Cir. 1987). A temporary restraining order or a preliminary injunction is a drastic remedy used primarily for maintaining the status quo of the parties. *Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983). After a careful review of plaintiff's motions for injunctive relief in light of the requirements set forth in *Southern Monorail Co. v. Robbins & Myers*, 666 F.2d 185, 186 (11th Cir. 1982), it is the opinion of the undersigned that plaintiff has not met the prerequisites for the issuance of a temporary restraining order or preliminary injunction.

It is further **ORDERED AND DIRECTED** that a copy of this order be served upon plaintiff's custodian, if any.

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

### DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, discovery, and correspondence with the Clerk of court; to serve copies of all motions, pleadings, discovery, and correspondence upon opposing parties or counsel for opposing parties if they are represented; and to attach to said original motions, pleadings, and discovery filed with the Clerk a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.). The Clerk of Court will not serve or forward copies of such motions, pleadings, discovery and correspondence on behalf of the parties.

### DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed

on behalf of the defendants from whom discovery is sought by the plaintiff. The defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendants' answer and/or dispositive motion. The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/part. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:   <u>except with written permission of the court first obtained</u>  , **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS**

under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the *Prison Litigation Reform Act*, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated

to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

### ELECTION TO PROCEED BEFORE THE UNITED STATES MAGISTRATE JUDGE

Under Local Rule 72, all prisoner complaints filed under provisions of 42 U.S.C. § 1983 are referred to a full-time United States Magistrate Judge for this district for consideration of all pretrial matters. In addition, 28 U.S.C. § 636(c)(1) authorizes and empowers full-time magistrate judges to conduct any and all proceedings in a jury or nonjury civil matter and to order the entry of judgment in a case upon the written consent of all the parties. Whether the parties elect to proceed before a magistrate judge or retain their right to proceed before a U.S. district judge is strictly up to the parties themselves.

After the filing of responsive pleadings by the defendants, the Clerk of court is directed to provide election forms to the parties and/or to their legal counsel, if represented. Upon receipt of the election forms, each party shall cause the same to be executed and returned to the Clerk's Office within fifteen (15) days. Counsel may execute election forms on behalf of their clients provided they have such permission from their clients. However, counsel must specify on the election forms on whose behalf the form is executed.

**SO ORDERED**, this __18__ day of July, 2006

DUROSS FITZPATRICK
UNITED STATES DISTRICT JUDGE

lnb