IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ANTONIO ROBINSON,<br><br>   Plaintiff<br><br> VS.<br><br>MR. THORPE,<br>   Defendant | NO. 5: 06-CV-191 (DF)<br><br>**PROCEEDINGS UNDER 42 U.S.C. §1983**<br>**BEFORE THE U. S. MAGISTRATE JUDGE** |

## O R D E R

In a letter addressed to the Clerk of Court, plaintiff ANTONIO ROBINSON herein requested the court provide legal representation for him in the above-captioned proceeding (Tab #16). Generally speaking, no right to counsel exists in §1983 actions. *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975); *Meckdeci v. Merrell National Laboratories*, 711 F.2d 1510, 1522 n.19 (11th Cir. 1983); it is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982); *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir.1982); *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982).

In deciding whether legal counsel should be provided, the court typically considers, among other factors, the merits of the plaintiff's claim and the complexity of the issues presented. *See Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989). Applying the standards set forth in *Ulmer*, *supra*, it appears that at the present time, the essential facts and legal doctrines in this case are ascertainable by plaintiff Robinson without the assistance of court-appointed legal counsel and that the existence of exceptional circumstances has not been shown by the plaintiff. The court <u>on</u> <u>its</u> <u>own</u> <u>motion</u> will consider assisting plaintiff in securing legal counsel <u>if</u> <u>and</u> <u>when</u> it becomes apparent that legal assistance is required in order to avoid prejudice to his rights.

Accordingly, the plaintiff's motion for appointment of legal counsel (Tab #16) is **DENIED** at this time.

SO ORDERED, this 8th day of NOVEMBER, 2006.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE