IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

ANTONIO ROBINSON,

        Plaintiff

VS.

JUANITA THORPE,

        Defendant

NO. 5:06-CV-191 (CAR)

**PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE**

# ORDER AND RECOMMENDATION

The parties in the above-styled case have filed motions for summary judgment against each other. Defendant JUANITA THORPE at Tab #23; plaintiff ANTONIO ROBINSON at Tab #45. Both parties have submitted responses and replies with respect to the motions. Also in the record are a number of exhibits which the defendant attached to her motion and the deposition of plaintiff Robinson.

Plaintiff Robinson has alleged that defendant Thorpe violated his First Amendment rights to receive mail and effectively litigate a pending law suit when she opened a piece of "legal mail" that had been returned to the plaintiff for insufficient postage.

**SUMMARY JUDGMENT STANDARD**

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c);* **Warrior Tombigbee Transportation Co. v. M/V Nan Fung**, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See* **Van T. Junkins & Assoc. v. U.S. Industries, Inc.**, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. **Hairston v. The Gainesville Sun Publishing Co.**, 9 F.3d 913 (11th Cir.1998). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. **Welch v. Celotex Corp.**, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. **Clark v. Coats & Clark, Inc**., 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. **Anderson v. Liberty Lobby, Inc**., 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[1]

---

[1]*See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the nonmovant).

# FACTS

Plaintiff Robinson had filed a habeas corpus petition in the Georgia state court system. At one point, Robinson sent a letter or package with respect to his habeas action and it was returned for insufficient postage. Defendant Thorpe opened the returned package outside of the presence of Robinson even though it was clearly marked as "legal mail." This is the only incident of any prison staff opening any of his mail inappropriately.

Robinson contends that as a result of the Thorpe's allegedly unconstitutional actions, he could not adequately respond to a motion to dismiss his habeas petition.

Robinson's habeas case was dismissed as successive, and the Supreme Court of Georgia apparently considered the document that the plaintiff claims he was not permitted to file ("Motion In Requested For Rehearing"), mentioning the document by name in its order (Defendant's Exh. H., Tab #23-9).

# DISCUSSION

In order to show a violation of the plaintiff's First Amendment right to litigate, Robinson must show that his ability to litigate a case *with arguable merit* was frustrated by the unconstitutional actions of a defendant. **Lewis v. Casey**, 518 U.S. 343, 353 n.3 (1996). In the view of the undersigned, he has failed to make such a showing, as the very document he claims he was not permitted to file was considered in the state court's denial of his petition.

Moreover, plaintiff Robinson has failed to show that defendant Thorpe's opening of the package in question was intentional. While the Eleventh Circuit has not provided an definitive answer to the question of whether a prison official's inadvertent opening of an inmate's legal mail on a single occasion rises to the level of a constitutional violation, the Second, Eighth, and Ninth Circuits have all held that such an act does not. See **Davis v. Goord**, 320 F.3d 346 (2nd Cr. 2003); **Gardner v. Howard**, 109 F.3d 427 (8th Cir. 1997); **Stevenson v. Koskey**, 877 F2d 1435 (9th Cir. 1989). The undersigned agrees with that conclusion.

Furthermore, even if the defendant's opening of the plaintiff's legal mail on this single occasion did rise to a constitutional violation, such a result has not been clearly established in this circuit, entitling defendant Thorpe to qualified immunity.

**CONCLUSION**

Because the defendant's actions did not frustrate a legal claim with arguable merit and because an isolated incident of an official's inadvertent opening of an inmate's legal mail does not rise to a deprivation of a constitutional right, **IT IS RECOMMENDED** that defendant Thorpe's Motion for Summary Judgment be **GRANTED** and that plaintiff Robinson's Motion for Summary Judgment be **DENIED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

In light of this Recommendation, the plaintiff's Motion for Trial by Jury (Tab #53), and Motion for Summons (Tab #54) are **DENIED**. Additionally, the plaintiff's Motion to Compel, which comes more than six months after discovery in this case ended and without the required showing of a good faith effort on behalf of the plaintiff to obtain information without court assistance, is **DENIED**.

SO ORDERED AND RECOMMENDED, this 5th day of SEPTEMBER, 2007.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE